ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HERMERIS, INC., | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) Case No. 10-2483-JAR ) |
| PATRICK MCBRIEN, et al., | ) ) |
| Defendants. | ) ) |

## **MEMORANDUM AND ORDER**

Plaintiff filed this action alleging copyright violations and pendent state law claims against defendants Patrick McBrien, Steven Betterman, Diego Goding, Saudin Hodzic, Greg Robinson, Ad Edge Marketing, CMBD Strategies and Expansion Firm, Global Industry, Govdba.com LLC, Govein.com LLC, and Taxids.us LLC. Before the Court is plaintiff's Motion for Default Judgment against Defendants Greg Robinson and Ad Edge Marketing (Doc. 37). As described more fully below, plaintiff's motion for default judgment is denied without prejudice.

The Complaint in this matter was filed on September 1, 2010. Count 1 alleges direct copyright infringement against all defendants pursuant to 17 U.S.C. § 504; Count 2 alleges contributory copyright infringement against all defendants; Count 3 alleges vicarious copyright infringement against all defendants; Count 4 alleges common law unfair competition under state law against all defendants; Count 5 alleges a fraud claim under state law against all defendants; Count 6 alleges tortious interference with business expectancy under state law against all defendants; Count 7 alleges civil conspiracy under state law against all defendants; and Count 8 alleges breach of contract under state law against defendant McBrien only. Plaintiff voluntarily

dismissed defendant Goding on November 8, 2010 and defendant Betterman on November 24, 2010. On March 15, 2011, plaintiff applied for a Clerk's Entry of Default against defendants Ad Edge Marketing and Greg Robinson (Doc. 31). The Clerk entered default against these defendants on March 16, 2011. A scheduling order has recently been entered in this case, setting a dispositive motion deadline for January 9, 2012 and a trial date of July 16, 2012 for the remaining defendants.

The Tenth Circuit has made clear that "consistent damage awards on the same claim are essential among joint and several tortfeasors."[1] In a case with multiple defendants, "judgment should not be entered against a defaulting defendant before the case has been decided on the merits as to the remaining defendants."[2] In the Complaint and in the motion for default judgment, plaintiff acknowledges that its claims against all defendants in this matter are based on joint and several liability, with the exception of Count 8 against defendant McBrien. And the Complaint seeks joint and several liability not just against these defendants on the copyright claims, but also on state law tort claims. The Court declines to enter judgment against two defendants who are alleged to be jointly and severally liable with eight other non-defaulting defendants. Therefore, the motion for default judgment is premature.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's Motion for Default Judgment against Defendants Greg Robinson and Ad Edge Marketing (Doc. 37) is **denied without prejudice**.

---

[1] *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 147 (10th Cir. 1985); *see Frow v. De La Vega*, 82 U.S. 552, 554 (1872).

[2] *Wilcox v. Raintree Inns of Am., Inc.*, 76 F.3d 934 (Table), 1996 WL 48857, at *2 (10th Cir. Feb. 2, 1996) (discussing *Frow*, 82 U.S. at 554) (explaining that the rule applies when the defendants are jointly and severally liable and where multiple defendants have closely related defenses).

**IT IS SO ORDERED.**

Dated: April 20, 2011

                                                  S/ Julie A. Robinson  
                                                  JULIE A. ROBINSON  
                                                  UNITED STATES DISTRICT JUDGE