**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| HERMERIS, INC. )<br>)<br>   Plaintiff, )<br>v.   ) Case No. 10-2483-JAR<br>)<br>)<br>PATRICK MCBRIEN, et al., )<br>)<br>   Defendants. )<br>) | |

**MEMORANDUM AND ORDER GRANTING DEFAULT JUDGMENT**

This case is before the Court on Plaintiff Hermeris, Inc.'s ("Hermeris") Renewed Motion for Default Judgment (Doc. 56) against Defendants Greg Robinson and Ad Edge Marketing. Defendants have not responded or appeared in this matter.[1] The Court has reviewed Plaintiff's motion and attached exhibits and finds that default judgment should be entered in favor of Plaintiff and against Defendants Robinson and Ad Edge Marketing as set forth below.

**I.    Background**

Hermeris filed its Complaint on September 1, 2010, alleging claims of copyright infringement, common law unfair competition, fraud, tortious interference with business expectancy, and civil conspiracy. The Clerk entered default against defendants Greg Robinson and Ad Edge Marketing on March 16, 2011 after it was shown that they had been served but failed to answer or otherwise respond.[2] The other defendants in this matter have already been dismissed from this action. The McBrien defendants entered into a settlement agreement and

---

[1] The motion was sent by regular mail to these defendants on March 8, 2012. *See* Doc. 59. The response time has elapsed. *See* D. Kan. R. 6.1(d).

[2] Doc. 31.

consent judgment between themselves and Plaintiff based on this agreement. Defendants Diego Goding, CMBD Strategies and Expansion Firm and Saudin Hodzic were otherwise voluntarily dismissed. Plaintiff has now moved for default judgment against Robinson and Ad Edge Marketing.

## II.     Discussion

Following entry of default, Rule 55(b)(2) allows the court to enter default judgment. Once default is entered, the defendant is not entitled to defend itself on the merits.[3] But a default judgment only establishes liability; it does not establish the amount of damages.[4] The factual allegations in the Complaint are taken as true, except for those relating to the amount of damages.[5] "Damages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts."[6] Default judgment may only be entered against Defendants whom the court determines are not minors or incompetent persons.[7] The Court finds that both Defendants, Robinson and Ad Edge Marketing, are not minors or incompetent persons and accordingly may enter default judgment against them.

Plaintiff seeks money damages, injunctive relief, and attorney's fees and costs. Based on the factual allegations in the Complaint and the detailed affidavits submitted by Plaintiff, the

---

[3] *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 & n.11 (10th Cir. 2003).

[4] *See, e.g.*, *DeMarsh v. Tornado Innovations, L.P.*, No. 08-2588, 2009 WL 3720180, at *2 (D. Kan. Nov. 4, 2009); *Beginner Music v. Tallgrass Broad., LLC*, No. 09-4050-SAC, 2009 WL 3720180, at *1 (D. Kan. Aug. 12, 2009).

[5] *See, e.g.*, *Beck v. Atl. Contracting Co.*, 157 F.R.D. 61, 64 (D. Kan. 1994).

[6] *Demarsh*, 2009 WL 3720180, at *2 (quoting *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538 1544 (11th Cir. 1985)).

[7] Fed. R. Civ. P. 55(b).

default in this case establishes that defendants Robinson and Ad Edge Marketing have infringed Plaintiff's copyrights.[8]  According to the Complaint, they were both involved in operating the infringing websites.  Defendants Robinson and Ad Edge Marketing stole potential business from Plaintiff by using Plaintiff's copyrighted content and source code.  As well, other co-defendants implicated Robinson and Ad Edge in the infringing activities.  According to Defendant McBrien, Robinson and Ad Edge Marketing jointly operated the domain names of the infringing websites along with the other codefendants.  Having established liability for violation of Plaintiff's copyright interests, the Court now turns to the issues of damages and other relief.

Upon proof of copyright infringement, "the copyright owner may elect between actual damages and profits or statutory damages."[9]  Statutory damages may be awarded against "any two or more infringers . . . jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just."[10]  The Court has discretion to determine the amount of the award.[11]  Factors relevant to this determination "include the expenses saved (such as licensing fees) and profits reaped by the defendants in connection with the infringements, the revenues lost by the plaintiffs as a result of the infringing conduct, and the infringer's state of mind."[12]  Although normally the court must hold an evidentiary hearing to determine the amount of

---

[8] It does not appear that Plaintiff seeks damages for any of its other claims for relief under Kansas common law.

[9] *Beginner Music v. Tallgrass Broadcasting, LLC*, No. 09-4050, 2009 WL 2475186, at *3 (D. Kan. Aug. 12, 2009) (citing 17 U.S.C. § 504(c)(1)).

[10] 17 U.S.C. § 504(c)(1).

[11] *Frank Music Corp. v. Sugg*, 393 F. Supp. 2d 1145, 1146 (W.D. Okla. 2005) (quoting *Walden Music, Inc. v. C.H.W., Inc.*, No. 95-4023-SAC, 1996 WL 254654, at *5 (D. Kan. Apr. 19, 1996)).

[12] *Id.*; *see also Boz Scaggs Music v. KND Corp.*, 491 F. Supp. 908, 914 (D. Conn. 1980).

damages for a default judgment, a hearing is unnecessary "when the movant submits detailed affidavits and exhibits that furnish a sufficient uncontested record from which to determine statutory damages and costs with reasonable certainty."[13] In its Complaint, Plaintiff requests an award of $30,000 in statutory damages against Defendants Robinson and Ad Edge Marketing. The Court finds that damages in this amount are appropriate. Plaintiff seeks only one-fifth of the total available statutory damages. Defendants knew that the material stolen from Plaintiff's website was copyrighted and so knowingly and willfully violated Plaintiff's rights. As well, the record here contains sufficiently detailed affidavits and other documents by which the Court can determine damages without an evidentiary hearing. In these circumstances, an award of $30,000 for Plaintiff is just and reasonable.

In addition to statutory damages, courts may give injunctive relief to copyright holders when "both a past infringement and a continuing threat of infringement are shown."[14] Courts regularly "issue injunctions as part of default judgments."[15] The court finds that injunctive relief is justified in this case due to Defendants' past, willful violation of Plaintiff's rights and the need for deterrence of future violations. Accordingly, the Court enters a permanent injunction against Defendants Robinson and Ad Edge Marketing.

The prevailing party in a copyright infringement case "may recover costs and attorney's fees in the court's discretion."[16] Awarding attorney's fees serves to "penalize the losing party, to

---

[13]*Beginner Music*, 2009 WL 2475186, at *2 (citations omitted).

[14]*Id.*

[15]*Id.* at *3 (citing *Arista Records, Inc. v. Beker Enters., Inc.*, 298 F. Supp. 2d 1310, 1314 (S.D. Fla. 2003)).

[16]*Id.* at *4.

deter continuing infringement, to make the prevailing party whole, and to encourage the proper prosecution of copyright infringements."[17] The court considers "frivolousness, motivation, objective unreasonableness of the case, and the need in particular circumstances to advance considerations of compensation and deterrence" when deciding whether to award attorney's fees.[18] Plaintiff seeks $5700 in attorneys' fees, which Plaintiff's counsel states in his declaration is less than ten percent of the total fees incurred as of April 8, 2011. While the Court easily finds that Plaintiff is entitled to a reasonable attorneys' fee award under the statute, Plaintiff does not submit documentation of its fee calculation, instead asking to provide the Court with an itemized statement of fees and costs *in camera*. Its request to submit evidence *in camera* is denied.[19] Seeing no documentary support in the record at this time for an award of attorneys' fees, the Court cannot determine the reasonableness of the request. Plaintiff is directed to D. Kan. Rule 54.2 for the procedure on requesting statutory attorneys' fees. And Plaintiff may recover costs under 28 U.S.C. § 1920 by complying with the procedure set forth in Rule 54.1.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Plaintiff's Renewed Motion for Default Judgment (Doc. 56) is **GRANTED** and the Clerk of the Court shall enter judgment for Plaintiff as follows:

That Robinson and Ad Edge have infringed Plaintiff's copyrights;

That Robinson and Ad Edge and their respective directors, officers, agents, servants, employees, and all other persons in active concert, cooperation, privity or participation with them

---

[17]*Id.*

[18]*Frank Music Corp.,* 393 F. Supp. 2d at 1147 (citing *Palladium Music, Inc. v. EatSleepMusic, Inc.*, 398 F.3d 1193, 1200-01 (10th Cir. 2005)).

[19]Plaintiff has previously provided the Court with adequate information to award fees. *See* Doc. 50, Ex. 1.

5

are hereby permanently enjoined from directly or indirectly infringing Plaintiff's copyrights or continuing to use, market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop, or manufacture any works derived or copied from Plaintiff's copyrights or to participate or assist in any such activity;

That Robinson and Ad Edge and their respective directors, officers, agents, servants, employees, and all other persons in active concert, cooperation, privity or participation with them shall take down all infringing content and source code from any and all websites that they develop, own or operate or assist in the development, ownership of operation of, including, but not limited to PartnershipRegistry.com, dbaRegistry.us, and TaxIDRegistry.us;

That Robinson and Ad Edge and their respective directors, officers, agents, servants, employees, and all other persons in active concert, cooperation, privity or participation with them shall destroy all works and websites, including but not limited to any located at PartnershipRegistry.com, dbaRegistry.us and TaxIDRegistry.us, that infringe upon any of Plaintiff's copyrights;

That Plaintiff shall recover from Robinson and Ad Edge, jointly and severally, statutory damages in the amount of $30,000; and

That Plaintiff is entitled to reasonable attorneys' fees and expenses and to reasonable costs.

This matter is hereby fully adjudicated as to all Parties.

**IT IS SO ORDERED**.

Dated: March 30, 2012

                                             S/ Julie A. Robinson
                                            JULIE A. ROBINSON
                                            UNITED STATES DISTRICT JUDGE